Lomax, J.
delivered the opinion of the court.—The court deems it unnecessary to express the results of its deliberation upon all the numerous points suggested as errors in this record, the majority of the court being well satisfied that upon one of those errors, without deciding upon the others, a new trial must be awarded. The total interdiction on the part of the circuit court, after the answer which had been given by the juror Bichard Malone touching his competency, of all further question to be put by the prisoner’s counsel to the said juror, and the peremptory decision, excluding all further enquiry, that the juror was competent, are deemed by a majority of this court to be clearly erroneous.
*742 Whilst the court refrains from expressing an opinion upon the questions as to the competency of the jurors Royster, Fisher and Haxall, it unanimously reaffirms the doctrine laid down in Osiander's case, 3 Leigh 780. and Armistead’s case, 11 Leigh 657. The court cannot now attempt to give greater precision to the principles there laid down. The application of the rules which are to be deduced from those principles must be left to the discretion of the judge, according to the varying circumstances of each particular case.
This'court, however, does not intend to countenance a deduction which was attempted to be drawn from those cases by the prisoner’s counsel, and much insisted on in argument; namely, that the formation of legal opinions upon facts which have previously been presented to the juror’s mind, renders him equally as incompetent as the formation of previous convictions upon his mind in respect to the facts of the case. On the contrary, the court thinks that a knowledge of the law, instead of disqualification, would be a recommendation of the fitness of the juror. And although a juror may have taken up some misconception of the law of the case, the instruction of the court can be resorted to for correcting his error, and affording him a standard by which the law may be ascertained ; whereas in regard to facts, there is no other standard but the opinions of the juror himself.
In regard to the evidence filed after the verdict, to fix disqualification upon two of the jurors who had rendered that verdict; whilst this court is of opinion that an enquiry was open, and such evidence was admissible, for the purpose of shewing perjury and corruption in those jurors, it is farther of opinion, that it belonged properly to the judge who presided at the trial to decide upon that evidence, and that it was for him exclusively to weigh the conflicting credibility of the witnesses and of the jurors, and to determine whether, in *743 justice to the prisoner, and upon all the circumstances of the case, a new trial ought or ought not to be awarded. Upon this point, reference may be had to the doctrine stated in Jones's case, 1 Leigh 617.
In regard to the judgment of the court overruling the prisoner’s objection to Carter Wells's testimony touching the shooting of Wells by the prisoner; the court is of opinion that the bill of exceptions in this particular is defective, in not proceeding to state what was the evidence which was given by the witness upon the subject. But without resting the judgment of the court upon the defectiveness of the bill of exceptions in this respect, this court is of opinion that the objection which was made is unsustainable, and that the fact of the shooting, as being a part of the circumstances and of the res gestee, ought not to have been precluded from being given in evidence to the jury, although such evidence might itself have tended to prove a distinct felony committed by the prisoner.
The court deems it unnecessary to express any opinion upon the matters stated in the record as to the evidence which was given by Martha Gilliam; because the same matters are not likely to be presented in any future trial of the case.
Judgment reversed, and new trial awarded.